UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Gary Gorski

Attorneys Present for Defendants: Amy Nashon

**Proceedings:** ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B) (Dkt. 33, filed on MARCH 8, 2024)

## I. INTRODUCTION

On May 1, 2023, plaintiff Eric Stanton-Hoyle filed this action against defendants Jacob Scialdone, individually and d/b/a ExtractEx, Inc. & RSG710, Inc; Aaron Green, individually & d/b/a ExtractEx, Inc. & d/b/a t/a RSG710, Inc.; RSG710, Inc.; ExtractEx, Inc.; ExtractEx Consulting LLC; and Does 1 through 100, inclusive. Dkt. 1. Plaintiff asserted two claims for relief against defendants: (1) breach of contract and (2) fraud. Id.

On December 15, 2023, plaintiff filed a joint stipulation for leave of court to file a first amended complaint as to defendants Jacob Scialdone, Aaron Green, and RSG710, Inc., which the Court granted that same day. Dkts. 28, 29.

On January 23, 2024, plaintiff filed a first amended complaint (the "FAC"). Dkt. 32. Plaintiff names defendants Jacob Scialdone, individually & d/b/a RSG710, Inc; Aaron Green, individually & d/b/a RSG710, Inc.; RSG710, Inc.; and Does 1 through 100, inclusive, and asserts eight claims for relief against them: (1) breach of contract; (2) fraud – intentional misrepresentation; (3) securities fraud – violations of California Corporations Code; (4) concealment; (5) breach of fiduciary duty; (6) constructive fraud; (7) unjust enrichment; and (8) false promise. Id.

On March 8, 2024, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Dkt. 33 ("MTD"). On March 18, 2024, plaintiff filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

opposition to defendants' motion to dismiss.[1] Dkt. 36 ("Opp."). On March 25, 2024, defendants filed a reply in support of their motion. Dkt. 37 ("Reply").

On April 8, 2024, the Court held a hearing on defendants' motion to dismiss the FAC. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Defendants Scialdone and Green ("defendants") conduct business under various alter egos and business names, including ExtractEx Consulting LLC, ExtractEx, and defendant RSG710, Inc. FAC ¶ 65.

On or about April 3, 2021, plaintiff's cousin, James Fournier, introduced plaintiff to defendants. Id. ¶ 16. Scialdone had represented to Fournier "that he was a partner in a startup company that was opening a white labelling cannabis extraction facility to extract live resin into a wax product for sale in California and other states where the manufacture and sale of THC containing products was legal," and that he could offer an employment position to Fournier. Id. ¶ 17. Because Fournier knew that plaintiff was looking to start his own company and had savings, he suggested that plaintiff have a discussion with defendants about their business to see if plaintiff could start something similar. Id. ¶ 18. Plaintiff and defendants met on about seven occasions, and defendants explained that they had started a business, already had investors, were partnered with a manufacturer that "was building out space for their manufacturing operations," and were starting to staff the company. Id. ¶ 19. Defendants asserted that they could hire plaintiff and his cousin for one or more positions with salaries over $75,000 per year. Id. They presented plaintiff with a Reciprocal Non-Disclosure Agreement (the "NDA") and then "numerous 'official' ExtractEx, Inc. documents including its Business Plan, Operations Plan, Organizational chart, Management Plan and other prospectus and list of investors," over the course of several meetings. Id. ¶ 20. However, based on searching the California

---

[1] Plaintiff requests leave to amend in the event the Court grants any portion of defendants' motion to dismiss. Opp. at 10. Defendants argue that the Court should not permit plaintiff to amend the FAC "[b]ecause further amendment would be an exercise in futility that would needlessly prolong these proceedings." Reply at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

Secretary of State online records portal, plaintiff alleges that ExtractEx Consulting LLC and ExtractEx are nonexistent entities. Id. ¶¶ 21-22.

    Defendants represented to plaintiff that they had ordered equipment that would soon be installed in a commercial building that they showed him, had obtained the required licensing to purchase cannabis, and "had received significant investments from third parties." Id. ¶¶ 23-24, 27. Throughout their interactions with plaintiff, defendants "held themselves out [as] the primary owners and investors in the ExtractEx company with the full power to . . . provide him with the employment and income he was seeking from his own business, promising to enter into a contract with terms confirming their discussions and agreements" if plaintiff made a "capstone investment" of $150,000 in the company. Id. ¶¶ 25-26, 28. After a meeting around April 8, 2021, defendants confirmed the terms of the agreement as discussed by the parties, such as plaintiff's $150,000 investment into an entity, RSG710, Inc., "in exchange for a 36-month payback of 5% of the profit sharing and an option to hire [p]laintiff as a lab technician once production began." Id. ¶ 29. The parties agreed that the terms would be reduced to writing, and because plaintiff did not have experience in business agreements or investments, he asked defendants to provide him with the agreement so he could review it with an attorney before finalizing it. Id. ¶¶ 31-32.

    Scialdone emailed plaintiff "the contract" on or about April 27, 2021, but the document did not contain any provisions regarding plaintiff's employment and instead "was merely a Promissory Note containing terms regarding the [p]laintiff's loan of $150,000.00 and continued to state that the company that would receive the money was 'RSG710, Inc.,' a company that [p]laintiff knew nothing about and believed was simply an error." Id. ¶¶ 34-36. Plaintiff expressed concern about executing an agreement with only the terms in the Promissory Note and then in the revised Promissory Note, but defendants assured him that a comprehensive agreement with all of the agreed-upon terms would be forthcoming. Id. ¶¶ 37-40. On April 28, 2021, Green sent plaintiff the revised Note to sign; defendants assured plaintiff that a complete agreement would follow but that they needed plaintiff's $100,000 immediately to show that plaintiff would follow through on his investment and to pay for initial operating costs. Id. ¶¶ 40-42. Based upon defendants' representations, plaintiff "impulsively wired the requested $100,000.00 to the bank and account number provided by the [d]efendants for electronic payment on April 29, 2021." Id. ¶ 43. After plaintiff consulted with his relative, an attorney, he and Fournier called defendants on April 30, 2021, and requested that they wire back the

Case 2:23-cv-03304-CAS-E   Document 39   Filed 04/08/24   Page 4 of 12   Page ID #:231

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

money to plaintiff "pending the [d]efendants providing the contract containing all of the terms the parties agreed to and confirming that the terms of the Note failed to provide those terms and would not be agreed upon." Id. ¶¶ 44-45. Defendants agreed that there was no binding agreement between the parties and confirmed in conversations and via text message that they would promptly wire back the funds on May 1, 2021. Id. ¶¶ 46-47. However, they did not wire back the funds on May 1, and have continued to refuse to return the $100,000 despite several exchanges between their counsel and plaintiff's counsel. Id. ¶¶ 49-52.

Plaintiff alleges that defendants' representations to him in their discussions "were knowingly false misrepresentations as to the existence of the [d]efendant companies, their financial status, their ability to conduct business in the state with the required approvals, permits, and licensure, and as to the financial status of the [d]efendant companies, ExtractEx, and its relationship to RSG710, Inc." Id. ¶ 54. He alleges that defendants also made false representations regarding the business plan, investors, investment prospects, company assets, facilities, the acquisition of raw materials, and ExtractEx. Id. ¶¶ 55-56, 61. To induce plaintiff to pay the $100,000, defendants represented that they would produce a contract containing the terms agreed upon by the parties, such as those relating to plaintiff's employment and salary of over $75,000 per year, but they had no intention of actually entering into the agreement. Id. ¶¶ 57-59. While defendants promised to promptly return the $100,000 to plaintiff and "acknowledged that neither the [plaintiff] nor the [d]efendants had ever signed any agreement that would authorize them to retain the funds, and that the Note was null and void," they did not intend to return the funds but instead intended for plaintiff to rely upon their representations so he would not rescind the transfer of the funds. Id. ¶¶ 62-63. "Plaintiff justifiably relied on the representations and as a result thereof has sustained damages in an amount in excess of the $100,000.00 that he wired to them." Id. ¶ 64.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

Case 2:23-cv-03304-CAS-E   Document 39   Filed 04/08/24   Page 5 of 12   Page ID #:232

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                      'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

## IV. DISCUSSION

### A. Plaintiff's Claim for Breach of Contract

Defendants argue that plaintiff's breach of contract claim fails because it lacks certainty as to which defendant(s) entered into the contract and does not allege the facts to establish contract formation. Dkt. 33-1 at 4. According to defendants, plaintiff asserts only one insufficient allegation to support the existence of a contract: that "[d]efendants' promise, in writing, and orally, to return the $100,000.00 to the [p]laintiff, was a contract accepted by the [p]laintiff for which the [d]efendants are in breach, entitling the [p]laintiff to damages including the $100,000.00, interest and attorneys['] fees." Id. Defendants further argue that plaintiff does not allege that there was consideration for this agreement. Id. at 5. Finally, they assert that plaintiff would not be entitled to attorneys' fees if there were a valid contract because there was no contractual provision or special statute providing for the recovery of attorneys' fees by the prevailing party. Id.

In opposition, plaintiff argues that he alleges in the FAC that defendants breached "a verbal agreement backed by documents" by failing to refund $100,000 to plaintiff. Opp. at 2. Thus, plaintiff contends that he has pled a viable breach of contract claim because the FAC "intricately details the fraudulent assertions by [d]efendants that induced [p]laintiff to part with $100,000.00 without an official agreement." Id.

In reply, defendants assert that plaintiff manufactures a new contract that lacks consideration and clear terms and ignores the parties' actual contract: "the promissory note they extensively negotiated, which [p]laintiff ratified by virtue of his performance."[2] Reply at 2. Defendants argue that plaintiff fails to plead any facts in the FAC to establish that a contract was formed. Id. at 3.

The Court finds that plaintiff has sufficiently alleged a claim for breach of contract to survive a motion to dismiss. However, the Court agrees with defendants that plaintiff is not entitled to attorneys' fees because there is no applicable statute or contractual language authorizing the award of attorneys' fees in this action. See DCD Partners, LLC v. Transamerica Life Ins. Co., No. 2:15-CV-03238-CAS-GJSX, 2018 WL 3817861, at *1

---

[2] Plaintiff argues that defendants falsely imply that there was an enforceable agreement by April 27, 2021, in contradiction of the terms deliberated during the parties' April 8, 2021 meeting. Opp. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

(C.D. Cal. Aug. 6, 2018), aff'd, 817 F. App'x 307 (9th Cir. 2020) ("In general, California law only allows a prevailing party to recover attorneys' fees when a statute or an agreement of the parties provides for fee-shifting."); see also Egelhoff v. Pac. Lightwave, No. CV-1204745-RGK-DTBX, 2013 WL 12125913, at *1 (C.D. Cal. Nov. 20, 2013) ("Attorneys' fees may be awarded . . . if authorized by contract, statute, or law.") (citing Cal. Civ. Proc. Code § 1033.5(a)(10)). Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's breach of contract claim as to attorneys' fees, with leave to amend, and **DENIES** defendants' motion to dismiss the remainder of the claim.

**B.     Plaintiff's Remaining Claims Based on Fraud**

As an initial matter, defendants contend that plaintiff's remaining claims for relief based on fraud and involving the same facts should be dismissed as duplicative and for lacking the particularity required by Rule 9(b). MTD at 6-7. Defendants argue that each of these claims should also be dismissed for failing to state a claim. Id. at 9-11.

1.     Claim for Fraud – Intentional Misrepresentation

Defendants assert that plaintiff fails to meet the specificity requirements of Rule 9(b) because he does not allege which defendant(s) made false representations and where, when, and how the defendant(s) made them. MTD at 7.

In opposition, plaintiff asserts that defendants intended to deceive him by preying on his lack of experience, fabricating the existence of "ExtractEx," a non-existent business, and inducing plaintiff to pay defendants under false pretenses. Opp. at 3. According to plaintiff, defendants furnished fabricated financial forecasts and business plans to mislead plaintiff into believing that their cannabis venture only needed one final substantial investment. Id. at 4. Plaintiff contends that defendants then misrepresented an alleged contract, the terms of which diverged significantly from those agreed upon by the parties on April 8, 2021, and pressured plaintiff into transferring $100,000 to them. Id. Thus, plaintiff argues that he has sufficiently pled his intentional misrepresentation claim pursuant to Rule 9(b). Id.

In reply, defendants argue that plaintiff does not allege "why a statement was untrue or misleading when made" as required by Rule 9(b). Reply at 4. Moreover, they contend that plaintiff's opposition "merely reiterates his regret at entering into an investment contract with [d]efendants and complains that they pressured him into funding their start-up." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

Throughout the FAC, plaintiff alleges that defendants made several misrepresentations to him regarding defendants' business. According to plaintiff, "[w]ith respect to all of the knowingly false misrepresentations made by the [d]efendants with the intent to deceive and to induce reliance by the [p]laintiff, the [p]laintiff justifiably relied on the representations and as a result thereof has sustained damages in an amount in excess of the $100,000.00 that he wired to them." FAC ¶ 64. Further, the Rule 9(b) standard is relaxed when fraud is alleged between the parties to the instant action. See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) ("This court has held that the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge."). Thus, the Court finds that plaintiff has satisfied the requirements of Rule 9(b) and has sufficiently pled a claim for intentional misrepresentation. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's fraud – intentional misrepresentation claim.

    2.    <u>Claim for Securities Fraud – Violations of California Corp. Code</u>

Defendants assert that courts do not find promissory notes "given between private individuals in closed transactions" to constitute securities. MTD at 10. According to defendants, plaintiff lacks standing under California Corporations Code § 25401 because "[t]he FAC does not allege that the promissory note was a security, or that there was a sale or purchase of stock, nor has [p]laintiff adequately pursued rescission." Id. at 11.

In opposition, plaintiff argues that defendants violated California Corporations Code § 25401 because they "1) [s]olicited [p]laintiff's investment under false pretenses, misrepresenting the financial status and investment opportunities[;] 2) [f]ailed to disclose significant, material facts necessary for [p]laintiff to make an educated decision about the investment[;] [and] 3) [i]nduced [p]laintiff's investment through deceptive practices, constituting securities fraud under California law." Opp. at 5 (citing FAC ¶¶ 98-101).

In reply, defendants contend that it is not clear what plaintiff alleges constitutes "the sale of a security." Reply at 5. According to defendants, plaintiff disclaims any formalized agreement based on the "confusing" promissory note and thus "repeatedly and adamantly denies purchasing a security." Id. Defendant argues that, without the sale of a security, plaintiff does not have a private right of action. Id. at 5-6.

Pursuant to California Corporations Code § 25401:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

It is unlawful for any person to offer or sell a security in this state . . . by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading.

Cal. Corp. Code § 25401. According to plaintiff, "[d]efendants engaged in the fraudulent solicitation of investments, providing the [p]laintiff with false and misleading information regarding the financial status, investment opportunities, and business operations of the [d]efendant companies." FAC ¶ 98. However, it is not clear to the Court what plaintiff alleges constitutes the security that gives rise to his claim for securities fraud. Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's securities fraud claim, with leave to amend.

### 3. Claim for Concealment

Defendants argue that plaintiff's concealment claim fails because it does not allege the reliance element. MTD at 8.

In opposition, plaintiff asserts that he has pled a viable concealment claim by alleging that defendants "strategically omitted crucial details about the business," such as that the business, ExtractEx, lacked licensing or financial backing, which led plaintiff to invest in the business under false pretenses. Opp. at 6-7.

The Court finds that plaintiff has sufficiently alleged that defendants concealed critical information about their business and induced plaintiff to invest $100,000. Plaintiff asserts that he justifiably relied upon defendants' misrepresentations, and by extension their omissions, when he wired the $100,000 to defendants. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's claim for concealment.

### 4. Claim for Breach of Fiduciary Duty

Defendants argue that plaintiff's breach of fiduciary duty claim fails because there was no fiduciary relationship or confidential relationship that transformed into a fiduciary relationship between the parties. MTD at 9. According to defendants, plaintiff cannot plead the requirements for a confidential relationship because "[t]here is no evidence that [p]laintiff was 'vulnerable,' that [d]efendants solicited, accepted, or achieved empowerment over [p]laintiff, or that [p]laintiff was incapable of protecting himself." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

at 9-10. In fact, defendants contend that plaintiff wanted to open a business and had significant savings. Id. at 10.

In opposition, plaintiff argues that the parties established a confidential relationship by entering into the NDA. Opp. at 8. According to plaintiff, "by virtue of their professional interactions and agreements with the plaintiff, [defendants] assumed fiduciary responsibilities, which they subsequently breached, culminating in financial losses for the plaintiff[.]" Id. Plaintiff further argues that defendants, acting as purported corporate officers, violated California Corporations Code § 25401 by misleading him, an investor, "through false statements or omissions in communications about securities." Id.

In reply, defendants argue that the alleged NDA does not create the requisite confidential relationship to establish a fiduciary relationship between the parties. Reply at 4-5. Further, defendants assert that California Corporations Code § 25401 "offers nothing to the analysis of whether a fiduciary relationship existed between [p]laintiff and [d]efendants." Id. at 5.

The Court does not find that plaintiff has alleged the existence of a fiduciary relationship between the parties. The fact that the parties may have entered into an agreement does not automatically give rise to a fiduciary duty. "To create a fiduciary relationship by contract, the language must 'clearly establish a fiduciary relationship.'" Poly Plant Project, Inc. v. RMT Int'l, Inc., No. CV 12-0997 FMO, 2012 WL 12887398, at *7 (C.D. Cal. May 11, 2012) (citation omitted). Here, plaintiff does not allege the terms of the NDA or whether the NDA included language regarding a fiduciary duty. Without language creating such a duty, the mere existence of the NDA does not create a fiduciary relationship. See In re Ambry Genetics Data Breach Litig., 567 F. Supp. 3d 1130, 1146 (C.D. Cal. 2021) ("Plaintiffs entered into an arms-length business relationship with Defendants, which is insufficient to create a fiduciary duty even though Plaintiffs entrusted Defendants with their confidential information as part of the relationship."). To the extent plaintiff contends that the parties had a confidential relationship, plaintiff must plead the elements for converting a confidential relationship into a fiduciary one. See Bobulinski v. Roseman, No. CV 19-2963-MWF (SSX), 2019 WL 9048851, at *10 (C.D. Cal. Nov. 25, 2019) ("California courts attempting to determine a 'confidential relation that gives rise to a fiduciary duty . . .' examine the following 'essential elements . . . 1) The vulnerability of one party to the other which 2) results in the empowerment of the stronger party by the weaker which 3) empowerment has been solicited or accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's breach of fiduciary duty claim, with leave to amend.

      5.    <u>Claim for Constructive Fraud</u>

Defendant argues that plaintiff's claim for constructive fraud fails because plaintiff does not plead justifiable reliance as required by California Civil Code § 1573 and cannot plead damages since he never invested the $150,000 in the company. MTD at 8. Further, like the breach of fiduciary duty claim, defendant asserts that the constructive fraud claim fails because it relies upon a fiduciary relationship, which does not exist between the parties. <u>Id.</u> at 10; <u>see also</u> Reply at 4-5.

In opposition, plaintiff contends that "[t]he allegations under this cause of action articulate that the defendants, through their actions and representations, misled the plaintiff, thereby violating the trust placed in them." Opp. at 9.

Because plaintiff's claim for constructive fraud depends on an underlying fiduciary relationship between the parties, the Court finds that plaintiff has failed to plead this claim for the same reason he has failed to plead his breach of fiduciary duty claim. <u>See Gilmore v. Am. Mortg. Network</u>, No. CV 12-7935-CAS EX, 2012 WL 6193843, at *12 (C.D. Cal. Dec. 10, 2012) ("[P]laintiff's claim for constructive fraud depends on the existence of duty arising out of a confidential or fiduciary relationship between himself and defendants, the breach of which gives rise to constructive fraud.") (citations omitted). Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's constructive fraud claim, with leave to amend.

      6.    <u>Claim for Unjust Enrichment</u>

Defendants assert that the Court should dismiss plaintiff's unjust enrichment claim because California does not recognize it as a stand-alone claim. MTD at 11.

In opposition, plaintiff argues that defendants were unjustly enriched by receiving plaintiff's investment, particularly because plaintiff received nothing in return. Opp. at 9.

In reply, defendants assert that plaintiff "proffers no argument in support of preserving a separate cause of action for unjust enrichment." Reply at 6.

Plaintiff has alleged that defendants were unjustly enriched by the $100,000 that plaintiff wired to them. Defendants have retained the $100,000 and have thus benefited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-03304-CAS (Ex) | Date | April 8, 2024 |
|---|---|---|---|
| Title | ERIC STANTON-HOYLE V. JACOB SCIALDONE ET AL | | |

at plaintiff's expense. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's unjust enrichment claim.

    7.    <u>Claim for False Promise</u>

Defendants argue that the Court should dismiss plaintiff's false promise claim because it is not clear against whom it is pled. MTD at 8. Further, defendants contend that plaintiff's assertion that he considered a substantial investment in the company does not sufficiently allege the reliance or damages elements of the claim. <u>Id.</u>

In opposition, plaintiff argues that "[d]efendants' silence on their written promise to return the wired funds to [p]laintiff speaks volumes to the spuriousness of their defense." Opp. at 10.

The Court finds that plaintiff has sufficiently pled a claim for false promise. Plaintiff alleges that he reasonably relied upon the various promises made by defendants, such as those regarding plaintiff's employment with their business. Plaintiff further alleges that defendants made these promises without intending to perform them. Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's false promise claim.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS IN PART and DENIES IN PART** defendants' motion to dismiss. The Court **GRANTS** defendants' motion to dismiss plaintiff's first claim for breach of contract as to attorneys' fees only, third claim for securities fraud, fifth claim for breach of fiduciary duty, and sixth claim for constructive fraud, with leave to amend. The Court **DENIES** defendants' motion to dismiss the remainder of plaintiff's first claim for breach of contract and plaintiff's second claim for fraud – intentional misrepresentation, fourth claim for concealment, seventh claim for unjust enrichment, and eighth claim for false promise.

At the hearing, plaintiff's counsel asserted that plaintiff did not intend to amend the FAC. Therefore, defendants shall file an answer and counterclaim by May 6, 2024.

IT IS SO ORDERED.

|  |  | 00 | : | 20 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |